ROBIE v. CHAPMAN & a.

A husband may have an estate by the curtesy in land conveyed by him as a gift to his wife, which may be taken on execution by his creditors.

WRIT OF ENTRY.   Facts agreed.   September 2, 1869, William F. Chapman, one of the defendants, being the owner of the demanded premises, conveyed them to his daughter, who at the same time, and as part of the same transaction, conveyed them to the other defendant, Fanny J. Chapman, who was then and is now the wife of said William F. Chapman.   The conveyances were without consideration.   The plaintiff claims a freehold interest in the demanded premises during the life of William F. Chapman, under a levy of an execution issued on a judgment recovered against him February 16, 1876.

*Wiggin & Fernald*, for the plaintiff.

*C. H. Smith*, for the defendants.

CLARK, J.   The plaintiff has a valid title, unless the land levied upon is held by the wife to her sole and separate use.   It cannot be so held, because she acquired her title by gift from her husband. Gen. St., c. 164, s. 1; *Voght* v. *Ticknor*, 48 N. H. 242.   By the common law, William F. Chapman has a life estate as tenant by the curtesy in the lands of his wife, and his interest may be taken on execution.

*Judgment for the plaintiff.*

FOSTER, J., did not sit : the others concurred.